# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

ARA V. HARRISON,

     Plaintiff,

v.                                 Case No.: _____

EMERALD COAST MARINA
AND SEAFOOD, LLC d/b/a
SOUTHWIND MARINA; SHELBY
DALE WILLIAMS; JAMES B.
WILLIAMS,

     Defendants.

_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Ara V. Harrison, by and through her undersigned counsel, and hereby files this Initial Complaint against defendants, Emerald Coast Marina and Seafood, LLC d/b/a Southwind Marina; Shelby Dale Williams; and James B. Williams, and alleges:

### *I. Jurisdiction and Venue*

1.      This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331

insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29

U.S.C. § 201, *et seq.*  This Court also has supplemental/pendent jurisdiction over

plaintiff's state law claims.

2.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)

and (c) because the claims arose in this district, defendants have an office and

operate in this district, plaintiff was employed, paid, and worked in this district, all

causes of action accrued in this district, and defendants are subject to personal

jurisdiction in this district.

### *II. Parties*

3.      At all times relevant hereto, plaintiff, Ara V. Harrison, was an

employee of defendants.

4.      At all times relevant hereto, defendant Emerald Coast Marina &

Seafood, LLC d/b/a Southwind Marina (hereinafter "Southwind Marina")

employed two or more persons engaged in interstate or foreign commerce and/or

engaged in handling and working on goods and materials that have moved in

interstate or foreign commerce, and upon information and belief has had gross

revenues exceeding $500,000 per year.

5.    Defendant Southwind Marina is subject to, and not exempt from, the provisions of the FLSA.

6.    Defendant Southwind Marina has at all times relevant hereto been a firm, partnership, institution, corporation, or association that employed ten (10) or more persons.

7.    Defendant Shelby Dale Williams was at times relevant hereto a managing member of Southwind Marina, exercised control over Southwind Marina's operations, and played a substantial role in determining the compensation of plaintiff in her employment with Southwind Marina.

8.    Defendant Shelby Dale Williams is subject to, and not exempt from, the provisions of the FLSA.

9.    Defendant James B. Williams was at times relevant hereto a managing member of Southwind Marina, exercised control over Southwind Marina's operations, and played a substantial role in determining the compensation of plaintiff in her employment with Southwind Marina.

10.    Defendant James B. Williams is subject to, and not exempt from, the provisions of the FLSA.

### *III. Factual Allegations*

11.    Plaintiff began working for defendants on or about April 23, 2019.

3

At all times material hereto she was an "employee" of defendants within the meaning of the FLSA.

12.   At all times material hereto defendants Southwind Marina, Shelby Dale Williams, and James B. Williams were the "employers" of plaintiff within the meaning of the FLSA.

13.   Initially, the terms of plaintiff's employment with defendants was set forth in an Offer Letter from defendants, which plaintiff accepted and which constituted a two (2) year employment agreement. A copy of that Offer Letter is attached hereto at Exhibit A and incorporated herein for all purposes.

14.   Approximately one week into her employment, however, on April 29, 2019 the parties amended their agreement retroactively, and the parties agreed in writing that plaintiff would be paid at the rate of $24.50 per hour. (See Exhibit B which is hereby incorporated by reference for all purposes).

15.   In this document, defendants also confirmed that plaintiff was owed a signing bonus of $5,000 for having accepted employment at Southwind Marina.

16.   Throughout her employment with defendants, plaintiff routinely worked in excess of 40 hours per week. Nevertheless, defendants failed to compensate her at the legally required rate for those overtime hours.

17.   Defendants also routinely failed to pay plaintiff for any of the hours

4

which she had worked in a given week, and on other occasions defendants would
under-pay plaintiff what she was owed.  That is, on regular pay dates, plaintiff
would often be either uncompensated or under-compensated.

18.    On September 10, 2019 defendants advised plaintiff that going
forward she would be changed from an hourly employee to a salaried member of
management; however, plaintiff executed no addendum changing her contractual
rate of pay.

19.    Defendants summarily terminated plaintiff's employment on or about
November 21, 2019, without reasonable notice.

### IV.  Count I  -- Violation of Fair Labor Standards Act
### (Overtime Compensation)

20.    Plaintiff realleges and incorporates herein paragraphs 1 through 19,
above.

21.    Defendants are subject to, and not exempt from, the provisions of the
FLSA.

22.    Plaintiff was entitled to, and not exempt from, the protections and
provisions of the FLSA.  Additionally, there were no exemptions under the FLSA
which would be applicable to plaintiff.

5

23.     Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay overtime compensation.

24.     Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay her overtime wages.  Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

25.     As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

26.     Moreover, plaintiff has had to retain an attorney in order to collect the overtime wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### V. Count II -- Violation of Fair Labor Standards Act
### (Failure to Compensate on Regular Payment Dates)

27.     Plaintiff realleges and incorporates herein paragraphs 1 through 19, above.

6

28.   Defendants are subject to, and not exempt from, the provisions of the FLSA.

29.   Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff the required minimum and overtime wages on each regular payment date.

30.   During her employment, defendants repeatedly failed to timely compensate plaintiff and therefore failed to compensate her at the legally required wage.

31.   Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

32.   As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

33.   Moreover, plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

## VI.  Count III - Unpaid Wages
### (Against Emerald Coast Marina and Seafood, LLC
### d/b/a Southwind Marina)

34.   Plaintiff realleges and incorporates herein paragraphs 1 through 19, above.

35.   Southwind Marina failed to pay plaintiff the bonus she was owed, as set forth in Exhibit B.

36.   Southwind Marina also failed to compensate plaintiff for all of the hours she worked.  Additionally, it failed to compensate plaintiff for her work at the contractually agreed upon rate.

37.   Southwind Marina breached its duty to pay plaintiff for the hours she worked at the agreed upon rate.

38.   Plaintiff has requested that Southwind Marina pay her the proper compensation which she was owed, but it has refused to tender such payment.

39.   Plaintiff performed all conditions precedent to be performed by plaintiff or the conditions have occurred or have been waived.

40.   Plaintiff has been required to hire an attorney to assist her with obtaining the wages which are owed to her.

WHEREFORE, plaintiff demands judgment against Emerald Coast Marina and Seafood, LLC d/b/a Southwind Marina for unpaid wages (including bonus),

interest (including pre-judgment interest), costs, attorneys' fees and any other relief to which she may be entitled.

### VII. Count IV - Violation of Fair Labor Standards Act
### (Retaliation)

41.    Plaintiff realleges and incorporates herein paragraphs 1 through 19, above.

42.    Plaintiff objected to defendants' pay practices and complained of defendants' violations of the FLSA.

43.    A determinative factor in defendants' decision to discharge plaintiff was that she had objected to defendants' unlawful pay practices and demanded that she be compensated properly and in accordance with the FLSA.

44.    The foregoing facts and circumstances demonstrate that defendants violated the FLSA, which precludes employers from discharging or otherwise discriminating against any employee in retaliation for "fil[ing] any complaint or institut[ing] or caus[ing] to be instituted any proceeding under or related to" that Act.

45.    The defendants knew or should have known that the above-referenced actions were discriminatory, and that such actions violated the FLSA. Nevertheless, defendants acted willfully, intentionally, and in reckless disregard for the rights of plaintiff.

9

46.    As a direct and proximate result of the actions of defendants, plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment.  Furthermore, she has or will suffer lost wages.  Moreover, she suffered a diminished ability to earn a living, and the loss of capacity to enjoy her life.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

47.    Plaintiff has been required to hire an attorney to assert her claims and protect her rights.

WHEREFORE, plaintiff demands judgment against Emerald Coast Marina and Seafood, LLC d/b/a Southwind Marina for back pay, liquidated damages, damages for humiliation, loss of capacity to enjoy her life, mental and emotional distress, physical discomfort, compensatory damages, interest -- including prejudgment interest, lost wages, costs and attorneys' fees, and such other relief as this Court deems appropriate.

### VIII.  Count V - Breach of Contract
### (Against Emerald Coast Marina and Seafood, LLC
### d/b/a Southwind Marina)

48.    Plaintiff realleges and incorporates herein paragraphs 1 through 19, above.

49.     Plaintiff and defendant Southwind Marina entered into a written agreement whereby the terms of her employment with defendant were delineated, as outlined in Exhibits "A" and "B" which are attached hereto.

50.     Plaintiff relied upon the written terms of her agreement with Southwind Marina, and she did not materially breach any terms of that agreement.

51.     Nevertheless, defendant breached the agreement before the end of its term.

52.     Additionally, Southwind Marina agreed to pay plaintiff storage fees for use of her garage as well as a portion of the lease of her town home for her use of it as a home office.

53.     Although plaintiff did not materially breach these agreements, Southwind Marina failed to pay her in accordance therewith.

54.     Plaintiff has incurred damages as a result of defendant's breach of their agreements.

55.     Plaintiff performed all conditions precedent to be performed by plaintiff or the conditions have occurred or have been waived.

56.     Plaintiff has been required to hire an attorney to assist her in obtaining the wages owed to her.

WHEREFORE, plaintiff demands judgment against Emerald Coast Marina and Seafood, LLC d/b/a Southwind Marina for all unpaid compensation throughout the term of their agreement, interest (including prejudgment interest), costs, attorneys' fees, and any other relief to which she may be entitled.

### IX.  Count VI - Termination Without Reasonable Notice
### (Against Emerald Coast Marina and Seafood, LLC
### d/b/a Southwind Marina)

57.   Plaintiff realleges and incorporates herein paragraphs 1 through 19, above.

58.   Southwind Marina did not terminate plaintiff for breach of a disciplinary rule.

59.   Southwind Marina did not give plaintiff reasonable notice of her termination.  It also did not give her wages in lieu of such notice.

60.   As a result of Southwind Marina's failure to give reasonable notice to plaintiff of her termination, she has suffered lost wages.

61.   Plaintiff has been required to hire an attorney to assist her in obtaining the wages owed to her.

WHEREFORE, plaintiff demands judgment against Emerald Coast Marina and Seafood, LLC d/b/a Southwind Marina for compensatory damages, attorney's fees, costs, and other such relief as this Court deems appropriate.

12

### X. Count VII – Violation of Florida's Whistle-Blower Act
### (Against Emerald Coast Marina and Seafood, LLC
### d/b/a Southwind Marina)

62.     Plaintiff realleges and incorporates herein paragraphs 1 through 19, above.

63.     In addition to plaintiff's complaining about Southwind Marina's unlawful wage and overtime practices, plaintiff also complained about and refused to participate in Southwind Marina's practice of altering employees' W-4 withholding elections without their consent, knowledge, or signature; unlawfully converting to its own use checks made payable to third parties; violating state laws and regulations regarding marine fuel storage and/or distribution; unlawfully selling alcohol; intentionally under-reporting income/revenue to avoid taxes; converting to its own use fees purportedly collected from others as taxes; and cutting of wetlands without a permit and in violation of applicable law, rule, or regulation. These activities, policies, or practices of Southwind Marina were violative of applicable laws, rules, or regulations, and plaintiff reasonably believed them to constitute illegal conduct.

64.     A determinative factor in Southwind Marina's decision to discharge plaintiff was the fact that she had objected to and refused to participate in activities, policies, or practices of Southwind Marina which were violative of

laws, rules, or regulations, or reasonably believed to be violative of laws, rules, or regulations.

65.   Plaintiff has been damaged as a direct and proximate result of the actions of defendants.  Such damages, which are both past and future, include the loss of employment, wages, raises in increments in such wages, and the loss of non-salary benefits and emoluments of employment.  Additionally, plaintiff has suffered, and will continue to suffer, mental anguish, pain and suffering, humiliation, embarrassment, and mental and emotional distress.

66.   Plaintiff has been required to retain an attorney to assist her in asserting her claims and protecting her rights.

WHEREFORE, plaintiff demands judgment against Emerald Coast Marina and Seafood, LLC d/b/a Southwind Marina for lost wages, benefits, and other remuneration; reinstatement or back pay in the event reinstatement is not awarded; reinstatement of full fringe benefits and seniority rights; damages for mental and emotional distress; compensatory damages; interest -- including pre-judgment interest on lost wages; costs; attorneys' fees; and such other relief as this Court deems appropriate.

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

Bradley S. Odom, Esq.
Florida Bar Number:   932868
Richard D. Barlow, Esq.
Florida Bar Number:  0425176
ODOM & BARLOW, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
Attorneys for Plaintiff
email@odombarlow.com

15

Exhibit "A"

# OFFER LETTER

Emerald Coast Marina and Seafood, LLC
26 calle Hermosa
Pensacola Beach, FL 32561

Ara Victoria Harrison
1701 E 1st St, Unit 110
Gulf Shores, Alabama 36547

04-23-2019

Re: Offer Letter

Dear Ara Victoria Harrison (Harrison-Jones),

On behalf of Emerald Coast Marina and Seafood, LLC, I am pleased to offer you employment with Emerald Coast Marina and Seafood, LLC in the position of Chief Operating Officer/COO, starting on April 23,2019. In that position, you will report to Dale Williams.

During your employment, you will be paid a base salary at the annual rate of $60,000. Your compensation will be paid in regular installments in accordance with the Company's regular payroll process, and subject to applicable tax and other withholdings. As an exempt employee, you will not be eligible for any overtime pay.This position is a full-time position and your regular salary will be prorated based on a 50 hour work week during season and 40 hours during off season. Vacation time will be two weeks annually and sick time accrued at the national standard rate. There will be a company vehicle provided for the duration of employment, unless otherwise negotiated at a later time.

**Discretionary Bonus:** Bonus percentage will be based on performance of P.N.L of operations and paid quarterly, this contract will be prepared by attorney Hunter Higdon, P.A.and available by the end of the week April 23, 2019 for review and signing.

**Stock Options:** There are currently no opportunities for stock options, but this can be open for discussion at a later date.

**Additional Agreements:** As a condition of your employment, you agree to execute any additional agreements required by the Company at the start of your employment. This includes any agreements that relate to your confidentiality or intellectual property assignment obligations to the Company. You further

agree that at all times during your employment (and afterwards as applicable), you will be bound by, and will fully comply with, these additional agreements.

**Contingencies:** This offer is contingent upon the successful completion of any background or drug screening by the Company. For purposes of federal immigration law, you will be required to provide to the Company documentary evidence of your identity and eligibility for employment in the United States. Such documentation must be provided to us within three business days following the start of your employment, or our employment relationship with you may be terminated.

**Additional Terms and Conditions of Offer:** Employment contract is for 2 years and will be renewable annually

**Entire Agreement:** This employment agreement, along with the Confidentiality Agreement, sets forth the terms and conditions of your employment with the Company, and supersedes any prior representations or agreements concerning your employment with the Company, whether written or oral. You acknowledge and agree that you are not relying on any statements or representations concerning the Company or your employment with the Company except those made in this agreement. This employment agreement may not be modified or amended except by a written agreement signed by you and an authorized officer of the Company.

This offer of employment will expire April 25, 2019 at 5:00 pm.

Victoria Harrison (Tori), we are excited by the prospect of you joining the Company.

Sincerely,
Emerald Coast Marina and Seafood, LLC

By Shelby Dale Williams

Name: Shelby Dale Williams
Title: Co-Owner

Exhibit "B"

OFFER LETTER ADDENDUM

Emerald Coast Marina and Seafood, LLC

26 Calle Hermosa

Pensacola Beach, FL 32561

April 29, 2019

Addendum to Contract Dated: April 23, 2019

Re: Pay Rate and Salary for Ara Victoria Harrison

Per Dale Williams, This Monday, the pay rate of $24.50 will be used for weeks that the minimal hours are not achieved, or the maximum hours are exceeded. And the first check will be paid at that rate with having only 42 hours for the week ending April 28, 2019 (which is not a scheduled pay period date). There is also a $5000.00 signing bonus that the company had originally offered and was mistaking omitted from original contract/offer letter. This bonus will be paid to Ara Victoria Harrison as promised.

Note: Per original agreement this addendum will be signed by both parties.

Emerald Coast Marina and Seafood, LLC

By: Ara Victoria Harrison

By: Shelby Dale Williams